UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE:  DICKERSON, DANNY ALLEN                            CASE NO. 03-32770
        DICKERSON, ELIZABETH BRUNER
        DEBTORS                                          CHAPTER 7
* * * * * * * * * * * * * * * * * * * * * * * * *  * * * * * * * * * * * * * * * * * * *
LUCY G. SIKES, TRUSTEE-PLAINTIFF

VERSUS                                                   ADVERSARY NO. _____

DICKERSON, DANNY ALLEN
DICKERSON, ELIZABETH BRUNER

## COMPLAINT TO DENY THE DISCHARGE OF THE DEBTOR

The Complaint of Lucy G. Sikes, Trustee respectfully represents:

1.

DANNY ALLEN  DICKERSON, AND ELIZABETH BRUNER DICKERSON (referred

to herein as the "defendants" and sometimes as the "debtors"),  filed for relief under Chapter 7 of

the United States Bankruptcy Code on 11/04/03 and Lucy G. Sikes (hereinafter, "Trustee") is the

duly qualified and acting interim Chapter 7 trustee in this case.

2.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334.

This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), (J) and (O).

3.

Grounds exist under 11 U.S.C. 727(a)(2), 727(a)(6) for the denial of the defendants'

discharge, as set forth more particularly herein.

In re     **Danny Allen Dickerson,**                            Case No. _____
            **Elizabeth Bruner Dickerson**

_____,
                                Debtors

# SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. (See Schedule D.) If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Mobile Home** | | C | 10,000.00 | 21,868.08 |

|  |  |  |
|---|---|---|
| Sub-Total > | 10,000.00 | (Total of this page) |
| Total > | 10,000.00 | |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                          Best Case Bankruptcy

In re    **Danny Allen Dickerson,**
         **Elizabeth Bruner Dickerson**                                    Case No. _____

_____,
                                            Debtors

# SCHEDULE B. PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | HHG | C | 1,500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothing | C | 400.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

Sub-Total >          **1,900.00**
(Total of this page)

___3___   continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

In re    **Danny Allen Dickerson,**                              Case No. _____
         **Elizabeth Bruner Dickerson**
_____,
                                            Debtors

# SCHEDULE B. PERSONAL PROPERTY
## (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >                0.00
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

In re    **Danny Allen Dickerson,**  
         **Elizabeth Bruner Dickerson**  

Case No. _____

_____ ,
Debtors

# SCHEDULE B. PERSONAL PROPERTY
## (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2000 Dodge Caravan<br><br>( Repoed ) | C | 18,000.00 |
| | | 96 Yukon, 96 F150, Land, Utility Trailer, 1990 Freighliner | C | 36,000.00 |
| | | 2001 F150 Lariot ( Repoed) | C | 17,550.39 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | | 7250 Case Tractor<br><br>Sold at Auction | C | 36,000.00 |
| | | Case 2044 Cotton Picker ( Repoed) | C | 37,923.40 |

Sub-Total >    **145,473.79**  
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached  
to the Schedule of Personal Property

Copyright (c) 1996-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

In re    **Danny Allen Dickerson,**
         **Elizabeth Bruner Dickerson**

Case No. _____

_____ ,

Debtors

# SCHEDULE B. PERSONAL PROPERTY
## (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Hooded Sprayers ( Repoed )** | **C** | **6,603.00** |
| 32.  Farm supplies, chemicals, and feed. | **X** | | | |
| 33.  Other personal property of any kind not already listed. | **X** | | | |

|  | | |
|---|---|---|
| Sub-Total > (Total of this page) | | **6,603.00** |
| Total > | | **153,976.79** |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

FILED

2004 JAN 27 P 4: 32

CLERK OF COURT
U.S. BANKRUPTCY COURT
WEST

IN RE:   DICKERSON, DANNY ALLEN
         DICKERSON, ELIZABETH BRUNER

CASE NO. 03-32770

## ORDER

CONSIDERING the foregoing Trustee's Exparte Motion for Turnover of Funds by Lucy G. Sikes, Chapter 7 Bankruptcy Trustee:

IT IS ORDERED THAT

Danny & Elizabeth Dickerson, debtors, turnover the full sum of $10,846.48 to the Trustee within 10 days of the date of this order and that any funds therein be designated property of the Estate.

Thus done and signed in _Alexandria_ Louisiana this ___27_ day of _Jan._, 2004.

**HENLEY A. HUNTER**, Chief Judge
U. S. Bankruptcy Court

COPY SENT
FOR NOTICING
Date: 1/27/04
By: _gmt_
TO: Sikes

Lucy G. Sikes
Chapter 7 Trustee
P.O. Box 752
Alexandria, LA 71309


Danny & Elizabeth Dickerson
469 Hendrix Road
Rayville, LA 71269
Case#03-32770


Dear Ms. Sikes,

In October, we received a disaster payment for 2002. We called our attorney and told him
we had received this money and asked what we should do. He advised us to spend the
money on anything that is a legitimate expense. So, that is what we did. I enclosed a list
of the checks we wrote. They were for household bills, gas, etc.

We received a letter from your office advising us to pay $10,846.83. We then contacted
our attorney and turned over the letter (our attorney stated that he did not receive that
same letter) and our bank statements and the list of checks and what they were for. That
was two weeks ago. He never returned our calls and I guess wasn't too worried about it.
We then contacted another attorney, Mr. Trahan, and he advised us to get this list
together and send to you. We have not retained him for our attorney. We really don't
have the money to get another attorney.

Would you please review the enclosed checks and let us know something? We cannot
afford to pay the $10,846.83 because it's gone. Also, Danny is not working and I was not
working for six weeks due to surgery. That's all the money we had.

If you have any questions, please call. 318/728-4026 or Danny's cell 318/235-3109

Sincerely,

Danny & Elizabeth Dickerson

4.

Debtors filed this case on 11/04/03. On debtors' Schedule B, they declared that they had no bank accounts. See Exhibit A, Schedule B.

5.

A 341(a) meeting was scheduled for1/5/04. Debtors appeared with counsel. Trustee received copies of debtors bank statements from their account at Richland State Bank.

6.

After the 341 meeting was concluded, Trustee reviewed the bank statements received by the debtors. Trustee discovered that the debtors had the sum of $10,846.48 in their bank account on the date that the petition was filed. Trustee obtained a turnover order for these funds on January 27, 2004. See Exhibit B, turnover order. Trustee received correspondence from the debtors after the turnover order was received in which the debtors advised that the funds that were in their bank account were crop disaster payments for 2002, which funds would be considered property of the estate. See Exhibit C, Correspondence received from debtors.

7.

As of the filing of this complaint, no funds have been received by the Trustee from the debtor for payment of funds on deposit in the debtors account on the date the petition was filed , as directed in the Court's Order of January 27, 2004.

8.

As of the filing of this complaint, the debtor has not been granted a discharge of debts.

9.

The defendant's failure to comply with the Trustee's requests is in violation of the debtor's duty to cooperate with the Trustee as necessary to enable the Trustee to perform her duties which include the collection and reduction of property of the estate to money, the

investigation of the financial affairs of the debtor and the closing of the estate as expeditiously as possible.

10.

The defendant's failure to comply with the Trustee's requests has delayed and prevented the administration of this case.

11.

The actions and inactions of the defendant stated herein establish grounds for the denial of his discharge pursuant to 11 U.S.C. 727(a)(2) and 727(a)(6) because the defendants(debtors), have refused to obey a lawful order of the court by failing to turnover property of the estate.

12.

The Trustee desires that this Honorable Court deny the defendant's discharge of debts and enter a money judgment in favor of the bankruptcy estate an amount equal to the value of the property to be turned over, or, alternatively, order the defendants to immediately turnover to the Trustee the sum of $10,846.48.

13.

As a result of the defendant's failure to turn over said property, the Trustee, in order to fulfill her duties and obligations as such, prepared the instant complaint. Therefore, the Trustee further desires that the defendants be assessed with all taxable costs incurred in the filing of this complaint pursuant to Federal Rules of Bankruptcy Procedure 7054(b) and 28 U.S. C. 1920.

WHEREFORE, plaintiff prays that this Honorable Court deny the defendants' discharge of debts; enter a money judgment in favor of the bankruptcy estate in an amount equal to property to be turned over ($10,846.48) or, alternatively, order the defendants to immediately turnover to the Trustee the sum of $10,846.48; for all costs of these proceedings pursuant to

Federal Rules of Bankruptcy Procedure 7054(b) and 28 U.S. C. 1920; and, for such other and further relief as the Court deems just and proper.

Respectfully submitted,

LUCY G. SIKES (La. Bar No.22787)
3004 Jackson Street, Suite B
Post Office Box 752
Alexandria, LA 71309-0752
Telephone No. (318) 561-4005
**Attorneys for Trustee-Plaintiff**